# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2054 | **DATE** | 5/1/2008 |
| **CASE TITLE** | Jimmy Dale Miller (#2007-0049271), et al. v. Deputy Sheriff Velez, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff Jimmy Dale Miller's motion for leave to proceed *in forma pauperis* [#6] is granted. The court authorizes Cook County Jail officials to deduct $1.00 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice and Eric Cannon is dismissed as a co-plaintiff, without prejudice to filing his own, separate lawsuit(s). Cannon's motions for leave to proceed *in forma pauperis* [#7] and for appointment of counsel [#4] are denied as moot. Plaintiff Miller's motion for appointment of counsel [#3] is granted. The court hereby appoints Daniel W. Tarpey, Seyfarth Shaw LLP, 131 S. Dearborn, Suite 2400, Chicago, IL 60614, (312) 460 5000 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ **[For further details see text below.]**   **Docketing to mail notices.**

## STATEMENT

The plaintiffs, two inmates in the custody of the Cook County Department of Corrections, have brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff Jimmy Dale Miller seems to claim that: (1) he was denied due process in multiple disciplinary proceedings at the jail; (2) correctional officials failed either to protect him from an attack or to press charges against his assailant; (3) he was singled out for punishment in connection with two altercations with fellow prisoners; (4) he was subjected to an unreasonable, public strip search; (5) he was held in disciplinary segregation past his "out date;" and (6) correctional officials wrongfully denied or refused to process his grievances. Mr. Miller, "on behalf of" co-plaintiff Eric Cannon, further alleges that correctional officials acted with deliberate indifference to Mr. Cannon's threats of suicide, failing to prevent him from injuring himself; Cannon was also one of the inmates subjected to the alleged public strip search.

Plaintiff Jimmy Dale Miller's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Miller is assessed an initial partial filing fee of $1.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from **(CONTINUED)**

mjm

**STATEMENT (continued)**

the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

However, Eric Cannon is dismissed as a co-plaintiff and his motions are denied as moot. First, plaintiff Miller, an incarcerated non-lawyer, may not represent another inmate. *See, e.g., Lewis v. Lenc-Smith Mfr. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (per curiam) (a *pro se* litigant may not sue on behalf of another person). Furthermore, unrelated claims must be brought in separate lawsuits. *See* Fed. R. Civ. P. 18(a) and 20(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Certain defendants in the complaint are named only in connection with Mr. Cannon's claims, while others apply only to Mr. Miller's claims; the two inmates' only claim in common is the challenged strip search. The statute of limitations does not appear to pose an obstacle to Mr. Cannon refiling his own, independent lawsuit(s) regarding his mental health care and/or the strip search in question if he wishes to do so.

Plaintiff Miller must also submit an amended complaint, as the pleading on file is unacceptable. The plaintiff did not use the court's required form, *see* Local Rule 81.1 (N.D. Ill.); more importantly, the plaintiff cannot submit a laundry list of claims against the Cook County Correctional Center in the context of one lawsuit. Claims may be properly joined in one action only if they involve a nucleus of facts in common. The plaintiff must choose a single claim (or intrinsically related claims) and pursue only that claim in his amended complaint. *See* Fed. R. Civ. P. 18(a) and 20(a); *George, supra*. The plaintiff must bring separate lawsuits with respect to all unrelated claims. (The complaint on file does not make clear what facts are provided as background information and what facts are intended as separate causes of action.)

Because Miller does not appear to have the wherewithal to litigate this matter, his motion for appointment of counsel is granted. The court hereby appoints Daniel W. Tarpey, Seyfarth Shaw LLP, 131 S. Dearborn, Suite 2400, Chicago, IL 60614, (312) 460 5000 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. After investigation, appointed counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the court.