**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JIMMY DALE MILLER,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**COOK COUNTY, ILLINOIS,** an Illinois )<br>municipal corporation; **COOK COUNTY** )<br>**DEPARTMENT OF CORRECTIONS** )<br>**SUPERINTENDENT SALAZAR,** in his )<br>individual and official capacities; **COOK** )<br>**COUNTY DEPARTMENT OF** )<br>**CORRECTIONS SERGEANT PAUPT**; in )<br>his individual and official capacities; )<br>**SHERIFF'S CORRECTIONAL OFFICER** )<br>**ALOISIO,** in his individual and official )<br>capacities; **SHERIFF'S CORRECTIONAL** )<br>**OFFICER JOHNSON,** in his individual and )<br>official capacities; **SHERIFF'S** )<br>**CORRECTIONAL OFFICER JOHN DOE** )<br>**NUMBER 1,** in his individual and official )<br>capacities; **SHERIFF'S CORRECTIONAL** )<br>**OFFICER JOHN DOE NUMBER 2,** in his )<br>individual and official capacities. )<br>)<br>Defendants. ) | Case No. 08-cv-02054<br><br>Judge Robert W. Gettleman<br><br>**Plaintiff Demands Trial By Jury** |

**FIRST AMENDED COMPLAINT**

Plaintiff, Jimmy Dale Miller ("Mr. Miller" or "Plaintiff"), by and through his court-appointed attorneys, files this First Amended Complaint against Defendants, Cook County, Illinois ("Cook County"), Cook County Department of Corrections Superintendent Salazar ("Salazar"), Cook County Department of Corrections Sergeant Paupt ("Paupt"), Sheriff's Correctional Officer Aloisio ("Aloisio"), Sheriff's Correctional Officer Johnson ("Johnson"), Sheriff's Correctional Officer John Doe #1 ("Officer Doe #1"), Sheriff's Correctional Officer John Doe #2 ("Officer Doe # 2"), and alleges as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 against Defendants acting under color of law and seeks damages, injunctive, and declaratory relief for the deprivation of Plaintiff's rights under the Eighth Amendment to the United States Constitution.

2. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiff's claim for injunctive relief is authorized by Rule 65 of the Federal Rules of Civil Procedure.

3. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) as all or a substantial part of the events giving rise to the claims contained herein occurred within this judicial district.

## PARTIES

4. Mr. Miller is a pretrial detainee at the Cook County Department of Corrections ("CCDOC") located in Chicago, Illinois. He has been detained at CCDOC since about July 3, 2007.

5. Cook County operates the CCDOC as a division of the Cook County Sheriff's Office.

6. At all times relevant hereto Defendant Salazar was a CCDOC Superintendent of Division 9 and a Supervisor in charge of other Correctional Officers. Salazar is being sued in both his individual and official capacities.

7. At all times relevant hereto Defendant Paupt was a CCDOC Sergeant and a Supervisor in charge of other Correctional Officers. Paupt is being sued in both his individual and official capacities.

8. Defendants Aloisio and Johnson were at all times relevant hereto employed by the Cook County Sheriff's Department as Correctional Officers. Defendants Aloisio and Johnson were responsible for the care, custody, safety and welfare of the Plaintiff while he was detained

in the CCDOC. Defendants Aloisio and Johnson are being sued in both their individual and official capacities.

9. Upon information and belief, Defendants Officer Doe #1 and Officer Doe # 2 were at all times relevant hereto employed by the Cook County Sheriff's Department as Correctional Officers. Defendants Officer Doe #1 and Officer Doe # 2 were responsible for the care, custody, safety and welfare of the Plaintiff while he was detained in the CCDOC. Defendants Officer Doe #1 and Officer Doe # 2 are being sued in both their individual and official capacities.

## FACTUAL BACKGROUND

10. On March 6, 2008, Defendants Salazar, Paupt, Aloisio and Johnson were on duty and were assigned to work in the Cook County Jail.

11. On information and belief, on March 6, 2008, Defendants Officer Doe #1 and Officer Doe # 2 were also on duty and were assigned to work in the Cook County Jail.

12. On March 6, 2008, Mr. Miller was ordered to serve time in segregation for a misbehavior report.

13. It is CCDOC policy and procedure to strip search all detainees prior to placement in segregation.

14. It is CCDOC policy and procedure to conduct strip searches in private, enclosed rooms to ensure inmate privacy during the strip search.

15. When detainees are strip searched in a group, it is CCDOC policy to use partitions. These partitions obstruct the detainees' ability to view one another during the strip search and block the view of other detainees and prison officers outside of the strip-search room.

16. After being told that he was to serve time in segregation, on March 6, 2008, Mr. Miller and approximately fourteen (14) other detainees who were going to segregation were led into a large holding area in Division 9, called the "bull pen."

17. Defendant Salazar entered the bull pen where Mr. Miller and other detainees were being held. Defendants Paupt, Aloisio, Johnson, and Officer Doe #1 were also present.

18. After verbally abusing the detainees in the bull pen, Defendant Salazar ordered Defendants Aloisio and Johnson to conduct a strip search of all detainees awaiting transfer to segregation.

19. Defendants Aloisio and Johnson then led approximately four of the detainees, including Mr. Miller, into a separate holding cell for purposes of conducting a strip search.

20. Defendants Paupt and Officer Doe #1 proceeded to the receiving area to watch the strip search. Defendant Puapt was in charge of overseeing the strip search.

21. Upon arriving in the separate holding cell, the detainees remaining in the bull pen could still see Mr. Miller and the other transferred detainees as the rooms were separated by only bars and see-through glass.

22. Detainees in other holding cells could also see Mr. Miller and the other transferred detainees as those rooms were also separated by only bars and see-through glass.

23. Defendants Paupt, Officer Doe #1 and other officers, including Officer Doe #2, could also see Mr. Miller and the other transferred detainees as the receiving area was separated from the holding cell by only bars and see-through glass.

24. Once in the separate holding cell, Defendants Aloisio and Johnson ordered Mr. Miller and the approximately three other detainees to strip.

25. Despite protests from Mr. Miller that other detainees, including both detainees in the same holding cell and detainees in different holding cells, could see the strip search, Defendants Aloisio and Johnson continued to strip search Mr. Miller.

26. Despite CCDOC policy to use partitions when detainees are strip searched in a group, Defendants Aloisio and Johnson refused to and did not use the partitions.

27. Once Mr. Miller and the other detainees were completely naked, Defendants Aloisio and Johnson ordered Mr. Miller and the other detainees to face the wall, grab their privates, squat, and cough. Mr. Miller and the other detainees were forced to repeat these actions on multiple occasions.

28. Defendants Aloisio and Johnson also ordered Mr. Miller and the approximately three other detainees to repeatedly spread their buttocks for further inspection.

29. The entire strip search of Mr. Miller was performed in full view of the approximately three other detainees in the holding cell with him.

30. The entire strip search of Mr. Miller was performed in full view of the approximately eleven (11) other detainees still in the bull pen awaiting their own strip search prior to entering segregation.

31. The entire strip search of Mr. Miller was performed in full view of other detainees in surrounding holding cells.

32. Defendants Paupt, Officer Doe #1 and other unidentified CCDOC employees, including Officer Doe #2, were in the area near where Mr. Miller and the other detainees were strip searched. Defendants Paupt, Officer Doe #1 and Officer Doe #2 watched the strip search of Mr. Miller and other detainees and did not intervene.

33. As Mr. Miller and the other detainees were strip searched in an open-air room protected by only see-through glass and bars, countless other prison officials and employees, including women, likely witnessed the entire strip search of Mr. Miller.

34. Thereafter, Mr. Miller complained about the strip search which occurred on March 6, 2008 and exhausted his administrative remedies.

## COUNT I

### (Violation of Civil Rights – Cook County, Salazar, Paupt, Aloisio, Johnson, Officer Doe #1, and Officer Doe #2)

35. Plaintiff Mr. Miller repeats and realleges the allegations contained in paragraphs 1 through 34 as if set forth in full.

36. The strip search of Mr. Miller was ordered by Salazar and performed by Aloisio and Johnson in a harassing manner. The strip search, which took place without the protection of partitions and was witnessed by countless other detainees and CCDOC employees, was intended to humiliate, demean, and inflict psychological pain on Mr. Miller.

37. The strip search of Mr. Miller, which took place without the protection of partitions and was witnessed by countless other detainees and CCDOC employees, was maliciously motivated, was unrelated to institutional security and was therefore totally without penological justification.

38. Defendants Paupt, Officer Doe #1 and Officer Doe #2 stood by and failed to intervene in the harassing, illegal strip search of Mr. Miller.

39. Mr. Miller complained of the illegal strip search and Defendant Cook County failed to rectify properly investigate or rectify the matter.

40.  The acts and/or inaction of Defendants Cook County, Salazar, Paupt, Aloisio, Johnson, Officer Doe #1, and Officer Doe #2 were a deliberate and malicious deprivation of Mr. Miller's constitutional rights as guaranteed to him by the Eighth Amendment to the Constitution.

41.  As a direct and proximate cause of the wrongful acts (or inactions) of Defendants Cook County, Salazar, Paupt, Aloisio, Johnson, Officer Doe #1, and Officer Doe #2, Mr. Miller endured psychological pain and suffering.

WHEREFORE, Plaintiff, Jimmy Dale Miller, prays for an order granting the following relief:

(a) nominal damages against all Defendants, in both their individual and official capacities, in an amount to be determined at trial for Defendants' violation of Mr. Miller's Eighth Amendment rights;

(b) punitive damages against all Defendants, in both their individual and official capacities, in an amount to be determined at trial for Defendants' violation of Mr. Miller's Eighth Amendment rights;

(c) a permanent injunction against Defendants, in both their individual and official capacities, their officers, servants, employees and attorneys, and upon all those persons in active concert or participation with them who receive actual notice of this injunction by personal service or otherwise, requiring them to cease and desist the practice of conducting illegal strip searches of Mr. Miller;

(d) issue a declaratory judgment that Plaintiff is entitled to incarceration in an environment free of illegal strip searches;

     (e)     award plaintiff his costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

     (f)     issue any other relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure, Rule 38(b), Plaintiff demands trial by jury for all of the issues pled so triable.

**DATED: August 25, 2008**　　　　　　　　　　Respectfully Submitted,

**JIMMY DALE MILLER**

By: /s/　　Colin M. Connor
　　　　　One of his Attorneys

Daniel W. Tarpey
Colin M. Connor
Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

# CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

1. U.S. Government Plaintiff
2. U.S. Government Defendant
3. Federal Question (U.S. Government Not a Party)
4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury— Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury — Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (excl. vet.) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | | 490 Cable/Satellite TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Inj. | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Security/Commodity/Exch. |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 730 Labor/Mgmt.Reporting & Disclosure Act | 864 SSID Title XVI | 892 Economic Stabilization Act |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 740 Railway Labor Act | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 442 Employment | Habeas Corpus: | | **FEDERAL TAX SUITS** | 894 Energy Allocation Act |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 245 Tort Product Liability | 445 ADA—Employment | 540 Mandamus & Other | 791 Empl. Ret. Inc. Security Act | 871 IRS—Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 ADA — Other | 550 Civil Rights | | | 890 Other Statutory Actions |
| | 440 Other Civil Rights | 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

1. Original Proceeding
2. Removed from State Court
3. Remanded from Appellate Court
4. Reinstated or Reopened
5. Transferred from another district (specify)
6. Multidistrict Litigation
7. Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

**VII. PREVIOUS BANKRUPTCY MATTERS** (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter perviously adjudicated by a judge of this Court. Use a separate attachment if necessary)

**VIII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** Yes   No

**IX. This case** is not a refiling of a previously dismissed action.
is a refiling of case number _____, previously dismissed by Judge _____

DATE                SIGNATURE OF ATTORNEY OF RECORD